UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ISAAC TUBBS,<br><br>        Petitioner,<br><br>   v.<br><br>P. D. BRAZELTON, Warden,<br><br>        Respondent. | 1:12-CV-01007 LJO BAM HC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO<br>28 U.S.C. § 2244(b) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on June 8, 2012, Petitioner challenges his 1997 convictions in Fresno County Superior Court. A review of the Court's dockets and files shows Petitioner has sought relief with respect to these convictions on multiple occasions. See Tubbs v. Yates, case no. 1:06-CV-0204 OWW WMW HC; Tubbs v. Ayers, case no. 1:00-CV-7135 AWI LJO P; Tubbs v. Ayers, case no. 1:99-CV-6125 AWI DLB P; Tubbs v. Ayers, case no. 1:99-CV-5155 AWI HGB P. In case no. 1:99-CV-5155 AWI HGB P, the petition was denied on the merits. The three subsequent petitions were dismissed as successive.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition

1  raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,
2  constitutional right or 2) the factual basis of the claim was not previously discoverable through due
3  diligence, and these new facts establish by clear and convincing evidence that but for the
4  constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying
5  offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a
6  second or successive petition meets these requirements, which allow a petitioner to file a second or
7  successive petition.

8  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
9  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
10 order authorizing the district court to consider the application." In other words, Petitioner must
11 obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.
12 See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or
13 successive petition unless the Court of Appeals has given Petitioner leave to file the petition because
14 a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United
15 States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),
16 *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

17 Because the current petition was filed after April 24, 1996, the provisions of the
18 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
19 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has
20 obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.
21 That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief
22 from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at
23 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of
24 habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

26 Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus
27 be DISMISSED as successive.

28 This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

1  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
2  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days of the date of service of this Findings and Recommendation, Petitioner may
4  file written objections with the Court.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations." The District Court will then review the
6  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to
7  file objections within the specified time may waive the right to appeal the District Court's order.
8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 10, 2012**          **/s/ Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE